**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JANE DOE, individually and as natural mother　　　　)
and next friend for ML, EL, and RL, all minors,　　　　)
　　　　　　　　　　　　　　　　　　Plaintiffs,　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　)
LAKE COUNTY, ILLINOIS, MARK R. LINDELL,　　　　)
STEVEN D. GERAGE, GERAGE FAMILY LAW, P.C.,　　　　)
KELLY A. COLLINS, COLLINS FAMILY LAW, LLC,　　　　)
MARC R. FISHER, KATZ, GOLDSTEIN & WARREN, P.C.,　　　　)
PHYLLIS E. AMABILE, M.D.,　　　　)
PHYLLIS E. AMABILE, M.D. & ASSOCIATES, P.C.　　　　)
STEVEN J. SLATER,　　　　SJS MEDICAL LABS, LLC and　　　　)
MARION K. LINDELL,　　　　)
　　　　　　　　　　　　　　　　　　Defendants.　　　　)

**COMPLAINT AT LAW**

Plaintiff, JANE DOE, individually and as natural mother and next friend for ML, EL and

RL, all minors, complaining of Defendants, MARK R. LINDELL, STEVEN D. GERAGE,

GERAGE FAMILY LAW, P.C., KELLY A. COLLINS, COLLINS FAMILY LAW, LLC,

MARC R. FISHER, KATZ, GOLDSTEIN & WARREN, P.C., PHYLLIS E. AMABILE, M.D.

PHYLLIS E. AMABILE, M.D. & ASSOCIATES, P.C., STEVEN J. SLATER and SJS

MEDICAL LABS, LLC, and states as follows:

**I.　　INTRODUCTION**

1.　　This is an action brought pursuant to 42 U.S.C. §§1983 and 1985 and the

Fourteenth Amendment to the United States Constitution to address the deprivation, under color

of law, of Plaintiff's rights under the United States Constitution and Illinois common and

statutory law. This claim alleges that "Defendants conspired with an associate judge and acted

under color of state law to deprive Plaintiff of her three minor children and denied the Plaintiff's

3 minor children of their mother.  This was a violation of the Plaintiffs' Constitutional right to familial relations and the Plaintiff's constitutionally protected liberty interests that parents have in the custody, care and management of their children.  Equally fundamental is the substantive due process right of minor children to be raised, cared for, loved and nurtured by their mother.

2.      This action is also brought under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"), to redress discrimination in violation of that Act by refusing to acknowledge Plaintiff's disability and taking her children away because of her disability.

## II.    Jurisdiction and Venue

3.      This is an action brought pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985  and the Fourteenth Amendment to the United States Constitution to address the deprivation, under color of law, of Plaintiff's rights under the United States Constitution and Illinois common and statutory law and jurisdiction is proper according to 42 U.S.C. §1983 and 42 U.S.C. §1985.

4.      Venue is proper under 28 U.S.C. §1391(b) as Defendants are physically situated in this judicial district and all acts and events giving rise to claims in this case occurred in Lake County, Illinois and jurisdiction is proper in the Northern District of Illinois, Eastern Division. in this judicial district and all acts and events giving rise to claims in this case occurred in Lake County, Illinois and jurisdiction is proper in the Northern District of Illinois, Eastern Division.

## III.    THE PARTIES

5.      Plaintiff, Jane Doe  (hereafter "Plaintiff)  is a citizen of the United States and is a resident of Lake County, Illinois and at all relevant times, Plaintiff was and is an individual with a disability within the meaning of the ADA Further Plaintiff is a licensed, board certified psychiatrist who is practicing medicine in the State of Illinois and is suffering from psychiatric condition known as attention deficit hyperactivity disorder ("ADHD") which all relevant times

the Defendants were aware of and ignored and refused to provide any accommodation.

6. Defendant, Lake County, Illinois is a local government entity in the State of Illinois and is considered a "public entity" under the ADA and Lake County is vicariously liable for any violations of the ADA and Rehabilitation Act committed by its judges and other employees.

7. Defendant, Mark R. Lindell (hereafter referred to as "Mark") is a resident of Lake County, Illinois and is the father of the three minor children that were born during his marriage with Plaintiff.

8. Defendant, Steven D. Gerage, an attorney, licensed to practice law in the State of Illinois whose license is in good standing and he was at all times alleged in this complaint, was the attorney for Mark and at all times relevant is alleged to have been acting under color of law through a Lake County associate judge.

9. Defendant, Gerage Family Law, P.C. is an Illinois Professional Corporation and a law firm that is owned by Defendant, Steven D. Gerage, and is believed to be vicariously liable for damages in the state law causes of action and believed to be vicariously liable for damages caused by Steven B. Gerage in the state law causes of action.

10. Defendant, Kelly A. Collins, an attorney, licensed to practice law in the State of Illinois whose license is in good standing, was at all times alleged in this complaint, an attorney and a co-counsel for Mark and at all times relevant is alleged to have been acting under color of law through a Lake County associate judge.

11. Defendant, Collins Family Law, LLC is a Limited Liability Company in Illinois and a law firm that is owned by Defendant, Kelly A. Collins, and is believed to be vicariously

liable for damages caused by Kelly A. Collins in the state law causes of action.

12.     Defendant, Marc R. Fisher, is an attorney, licensed to practice law in the State of Illinois and his license is in good standing (hereafter referred to as "Marc R. Fisher") and at all times relevant was the Guardian Ad Litem (hereafter "GAL") in the Dissolution of Marriage action between Plaintiff and Mark and at all time relevant, Marc R. Fisher was also acting under color of law through Lake County associate judge.

13.     Defendant, Katz, Goldstein & Warren, P.C., is an Illinois Professional Corporation and a law firm where Marc R. Fisher is employed and believed to have some form of ownership and is believed to be vicariously liable for damages caused by Marc R. Fisher in the state law causes of action.

14.     Defendant, Phyllis E. Amabile, M.D., is a licensed, board certified psychiatrist and is practicing in general and forensic psychiatry and often conducts psychiatric evaluations of parents who through litigation seek court ordered parenting time and parenting responsibilities with their children.

15.     Defendant, Phyllis E. Amabile, M.D. & Associates, P.C. , is an Illinois Professional Corporation through which Phyllis E. Amabile, M.D. is employed and believed to be the sole shareholders and is believed to be vicariously liable for damages caused by Phyllis E. Amabile, M.D. in the state law causes of action.

16.     Defendant, STEVEN J. SLATER, is employed by SJS MEDICAL LABS, LLC, d/b/a ARCPoint Labs of Libertyville, and is a shareholder of this company along with his spouse.

17.     Defendant, SJS MEDICAL LABS, LLC, d/b/a ARCPOINT LABS OF LIBERTYVILLE, is an Illinois Corporation in the business of providing drug testing to members of the public without a prescription from a licensed physician and in the State of Illinois.

18.     Defendant, Marion K. Lindell, is the step-mother of Defendant, Mark R. Lindell, and Marion and Mark are very close, and it is believed that Marion was part of the conspiracy alleged as she knowingly provided to Mark a substantial portion of the monetary funds that were necessary to accomplish unlawful ends alleged in this action.

## IV.    FACTS

19.     On May 22, 2010, Plaintiff and Mark were married to one another and as a result of that marriage three children were born between Plaintiff and Mark: ML, EL, and RL.

20.      On July 24, 2018, Mark filed a Petition for Dissolution of Marriage against Plaintiff and throughout this litigation (hereafter referred to as the "Lindell dispute"), Plaintiff has been at a unconstitutional disadvantage as all of the Defendants conspired with one another and with an associate judge to violate Plaintiff's Constitutional right to due process and have decided this case as the Defendants agreed through ex parte communications with each other and with the associate judge.

21.     Throughout the Lindell dispute, Mark has had access to substantial amount of funds from his step-mother, Defendant - Marion K. Lindell, who it is believed had full knowledge that the amounts of funds provided by Marion to Mark were being used to facilitate a conspiracy against Plaintiff and for unlawful purposes which are alleged herein.

22.     Throughout this case, Plaintiff has been at an overwhelming disadvantage as with the overwhelming stress suffered by Plaintiff as a result of the unlawful conspiracies, Plaintiff's ADHD symptoms are triggered by the severe stress that the Lindell dispute has caused and as a result of the stress caused by the Lindell dispute, Plaintiff is unemployable and is barely able to work 1-2 days per week.

5

23.     Because of Plaintiff's lack of monetary funds, it is believed that Mark was able to successfully fulfill his goal and to unlawfully remove Plaintiff from the lives of the parties' three minor children through a carefully planned conspiracy with Steven D. Gerage, Marc R. Fisher (the GAL), Phyllis E. Amabile, M.D., Steven J. Slater and Marion K. Lindell, all in agreement with the associate judge assigned to the Lindell dispute.

24.     At all times relevant, the associate judge was acting under the authority or color of Illinois law at the time that the Lindell dispute was proceeding and as the trier of the facts, the associate judge was not a fair nor an unbiased trier of fact as it is believed that the associate judge and on information and belief it is believed that all of the individual Defendants had ex parte communications with the associate judge and reached ex parte agreements to act together in a conspiracy to deny Plaintiff her Constitutional right to due process and to deny Plaintiff her Constitutional right to raise her minor children in the manner that she deemed fit and proper and further reached an ex parte agreement to discriminate against the Plaintiff because of her known and ignored disability by claiming that Plaintiff's ADHD symptoms were symptoms of alcoholism and / or prescription drug abuse which were all contrary to the professional opinion that was provided by the Plaintiff's treating psychiatrist, Christopher J. Hummel, M.D., M.P.H.

25.     From explanation of the facts alleged, the fact that the trial judge turned a blind eye to all of the facts favorable to Plaintiff and accepted all of the facts that were alleged by Mark, Steven D. Gerage, Marc Fisher - the GAL, Phyllis E. Amabile, M.D. - the custody evaluator, Steven J. Slater through SJS Medical Labs, LLC d/b/a ARCPoint Labs of Libertyville, the unlawful conspiracy that was reached between all of the individual Defendants and the associate judge is irrefutable.

26.     As part of the Lindell dispute, Plaintiff and Mark became grossly involved in the determination of the proper allocation of parental time and responsibilities over their three minor children which evolved into a hotly contested parental decision making and parental time dispute f/k/a custody dispute.

27.      In July of 2018, when Mark filed for dissolution of marriage, Plaintiff's ADHD symptoms became intense and Plaintiff was experiencing difficulties in achieving sleep and was showing symptoms of her ADHD condition.

28.     In July of 2018 and after Mark spoke to numerous friends and told the parties' friends that Plaintiff was on drugs and had an eating disorder, and  Mark had discussions with the Chief Medical Officer ("CMO") of the corporation that owned and managed the local hospital where both Plaintiff and Mark were employed and Mark informed that CMO that he believed that Plaintiff was on drugs and she needed treatment.

29.     Because of Mark's conversation with the CMO, Plaintiff was forced to consult with the head of the hospital's Employee Assistance Program ("EAP") who, in October of 2018, demanded that Plaintiff go on leave and further demanded that Plaintiff complete a neuropsychological evaluation.

30.     In November of 2018, Plaintiff completed the neuropsychological evaluation and was thought to be experiencing depression, anxiety with a history of ADHD.  The evaluation concluded that Plaintiff may be suffering from an eating disorder and thus recommended that Plaintiff attend a daily program for group therapy for eating disorders.

31.     In December of 2018, Defendant, Mark R. Fisher, was appointed as Guardian Ad Litem ("GAL") and reported to the court about the well being of the parties' three minor

children. Throughout this case, Mark and Marc R. Fisher spoke to one another numerous times and it is believed that Mark constantly spoke badly about Plaintiff to Marc R. Fisher and that over the next five months, Mark and Marc R. Fisher conspired with one another to develop a plan to take the parties three minor children away from Plaintiff.

32.     Plaintiff believes that Mark and Marc R. Fisher reached a conspiracy because after Marc R. Fisher was appointed as GAL, Mark started to receive several $30,000.00 checks from Defendant, Marion K. Lindell, and these $30,000.00 checks that totaled $120,000.00 or more were mailed by Marion K. Lindell to Mark, but, received at an address where Mark's friend, Steven Wang resided. Mark hid from Plaintiff the receipt of those $30,000.00 checks.

33.     It is believed that those $30,000.00 checks were used to pay off Defendant, Steven D. Gerage, Defendant, Marc R. Fisher, Defendant, Phyllis E. Amabile, M.D. and Defendant, Steven J. Slater, in order to fulfill an unlawful conspiracy where Defendant, Steven J. Slater, would falsify Plaintiff's up and coming hair test; Defendant, Marc R. Fisher, would recommended that Plaintiff's parenting time would be supervised; and Defendant, Phyllis E. Amabile would falsely allege in her evaluation that Mark should have sole decision making authority over the parties' three minor children with a substantial portion of the parenting time and Plaintiff's parenting time with the parties' three minor children should be limited and supervised.

34.     Plaintiff was in the group therapy program for three months and was finished on March 7, 2019. During that group therapy program, Plaintiff had random drug tests once or twice every week and was never positive for drugs or alcohol. In fact, during the group therapy program, Plaintiff was forced not to take her amphetamines which were prescribed to her by her

treating psychiatrist for her ADHD condition.

35.     After completing the group therapy program, Plaintiff returned to work at the hospital where Plaintiff was checked and reviewed constantly.

36.     In April of 2019, it is believed that Marc R. Fisher got Defendant, Phyllis E. Amabile, M.D., involved in the case and Phyllis E. Amabile, M.D. was appointed as an evaluator to make recommendations to the court about the parenting capabilities of Plaintiff and Mark through which as part of the conspiracy and in exchange for the payment of funds, Phyllis E. Amabile, M.D. would use the false hair test results to conclude that Plaintiff was a severe danger to the well being of the parties' three minor children and recommend that Mark have sole decision making for the children and Plaintiff have limited, supervised visitation.

37.     Because of Mark's unlawful acts and his filing for dissolution of marriage, Plaintiff's ADHD symptoms were becoming extreme and the Plaintiff was experiencing extreme difficulty falling asleep at night which caused Plaintiff to be very sleepy and to fall asleep in the daytime now and then and was experiencing difficulties in speaking in a focused manner.

38.     Mark used Plaintiff's ADHD disability to get all of the Defendants and the associate judge to discriminate against Plaintiff because of her disability and  Mark conspired with Steven D. Gerage, Kelly A. Collins, Marc Fisher - the GAL, Phyllis E. Amabile, M.D., and Steven J. Slater, to set up Plaintiff for a fraudulent hair test that would provide false evidence that Plaintiff was a severe alcoholic who consumed substantial amounts of alcoholic beverages.

39.     Mark, through his attorneys, Defendants, Steven D. Gerage and Kelly A. Collins, and through Gal - Marc R. Fisher, and through Phyllis E. Amabile, M.D., through Steven J. Slater, initiated a plan and fulfilled his conspiracy to have the court order Plaintiff to provide a hair sample to SJS Medical Labs, LLC, d/b/a ARCPoint Labs of Libertyville and for ARCPoint

Lab of Libertyville to gather Plaintiff's hair and for Steven Slater to switch Plaintiff's hair with hair from someone else that was known to be indicative of substance abuse and to serve as fraudulent proof that Plaintiff was a severe alcoholic who consumed substantial amounts of alcoholic beverages and to allow the associate judge to take Plaintiff's parental rights away.

40.     On June 10, 2021, Plaintiff appeared at ARCPoint Labs of Libertyville and provided her hair sample.

41.     On June 12, 2019, Marc R. Fisher appeared with an emergency motion to modify parenting time and Marc R. Fisher threatened Plaintiff that if she did not sign the modified order that made her parenting time supervised, Plaintiff would never, ever see her children again. Marc R. Fisher stated further to Plaintiff that the order would only be temporary and for a few weeks.  Further, through this unlawful conspiracy between the individual Defendants, Plaintiff was removed from the marital residence and forced to obtain her own apartment.

42.     On June 17, 2019, the hair test results were released and it was alleged that Plaintiff's test was positive for EtG and measured at 41 which was proof that Plaintiff was a severe alcoholic who consumed substantial amounts of alcoholic beverages.  However, the hair test reported that Plaintiff was negative for amphetamines which could not be correct as Plaintiff was taking two amphetamines that were prescribed by Plaintiff's treating psychiatrist.

43.     There is substantial evidence that the hair test released on June 17, 2019, was altered and was untrue and is an unlawful result of fraudulent conspiracy that was formed and executed by the individual Defendants as Plaintiff does not consume alcoholic beverages, Plaintiff is prescribed and was taking at all times two amphetamines for ADHA treatment, the hair test was positive for EtG which could only be accurate if Plaintiff consumed large amounts of alcoholic beverages consistently for some time.

10

44.     Plaintiff conducted various tests on June 7, 2019, on her own and numerous subsequent tests (Hair, blood and urine) and all of Plaintiff's test results were negative for alcoholic beverages and negative for all drugs except for the prescribed amphetamines.

45.     Plaintiff has substantial proof that the hair test results released by ARCPoint Labs of Libertyville on June 17, 2019, were false and not accurate; yet, all the named Defendants and the associate judge relied on those June 17, 2019, false hair test results.

46.     In September of 2019, Defendant, Phyllis E. Amabile, M.D., released her evaluation which was based substantially on the false hair test released on June 17, 2019, and, all of Plaintiff's ADHD symptoms have been intentionally misinterpreted by Defendant, Phyllis E. Amabile, M.D., as part of her position in the Defendants' conspiracy.

47.     As further evidence of a conspiracy between all Defendants is that during the month of June 2019, there are numerous communications between all of the Defendants, especially between Mark, Marc R. Fisher, and Phyllis E. Amabile, M.D., which are documented by numerous emails and text messages of which Plaintiff has possession.

48.     It is believed in July of 2020, Defendant, Phyllis E. Amabile, M.D., updated her evaluation and intentionally ignored Plaintiff's claims regarding her disability from ADHD, all of Plaintiff's substance abuse tests, opinions provided by Christopher J. Hummel. M.D. which is Plaintiff's treating medical doctor psychiatrist.

49.     In February of 2021, Plaintiff's request to continue trial was denied and trial proceeded.  Plaintiff was unable to retain the appropriate experts to prove her allegations that all of the Defendants formed and participated in the conspiracy explained above as Plaintiff has

been suffering from adverse symptoms of ADHD, had been unemployed for a meaningful

amount of time, possessed no funds to pay for any litigation expenses to properly prepare for

trial.

50.     On May 28, 2021, the associate judge issued a Judgment for Dissolution of

Marriage and an Allocation of Parental Responsibilities and Parenting Time which declared that

Plaintiff was an immediate danger to her three minor children and continued Plaintiff's limited

parenting time and continued to order that Plaintiff's parenting time with her minor children be

supervised.

51.     All of the individual Defendants have violated the Plaintiffs' Constitutional rights

and have discriminated against the Plaintiff under the ADA as the individual Defendants used

Plaintiff's signs and symptoms of ADHD as signs and symptoms of substance abuse and further

discriminated against the Plaintiff because of her signs and symptoms of ADHD.

**COUNT I:**
**MARK R. LINDELL, STEVEN D. GERAGE, MARC R. FISHER,**
**PHYLLIS E. AMABILE, M.D., STEVEN J. SLATER**
**and MARION K. LINDELL**
**COMPLAINT FOR CIVIL RIGHTS CO/NSPIRACY**
**IN VIOLATION OF UNDER 42 U.S.C. §1983**

Plaintiff, JANE DOE, individually and as natural mother and next friend for ML, EL, and

RL, all minors, complaining of Defendants, MARK K. LINDELL, STEVEN D. GERAGE,

KELLY A. COLLINS, MARC R. FISHER, PHYLLIS E. AMABILE, M.D., STEVEN J.

SLATER and MARION K. LINDELL, states as follows:

52.     Plaintiffs repeat, reallege, and incorporate herein by reference each of the

allegations set forth in paragraphs 1 through 52 as if set forth in full herein.

53.     From the facts alleged above and the facts in the court transcripts, it is overwhelmingly clear that the individual Defendants reached an agreement or conspiracy between them to deprive Plaintiffs of their constitutional rights to due process as the individual Defendants convinced an associate judge to cooperate with the individual Defendants in enforcing their conspiracy through the judge's rulings and under color of law.

54.     That from the facts alleged above and the facts in the court transcripts, it is overwhelmingly clear that the individual Defendants reached an unlawful agreement or conspiracy between them to act willfully in joint activity together with the associate judge, a state actor to deprive Plaintiffs of their constitutional rights under color of law.

55.     Private actors, the individual Defendants, who "corruptly conspired" with state officials and associate judge to deprive individuals of federal rights act under color of state law within the meaning of § 1983 and thus liability under §1983 extends to private parties, the individual Defendants involved in such conspiracies.

56.     The individual Defendants corruptly conspired with the associate judge assigned to handle the Lindell dispute, a state actor, to improperly interfere with Plaintiff's right to the companionship, love and affection of her three minor children which was fully done by May 28, 2021, and Mark and the other individual Defendants continue to conspire against Plaintiff.

57.     The individual Defendants corruptly conspired with the associate judge assigned to handle the Lindell dispute, a state actor, to improperly interfere with Plaintiff's fundamental rights and privileges to familial relations and to raise her three minor children

13

which is secured by the Due Process Clause of the Fourteenth Amendment.

58.     The individual Defendants corruptly conspired with the associate judge assigned to handle the Lindell dispute, a state actor, to improperly interfere with Plaintiff's fundamental rights and privileges to a fair and impartial trier of fact which is secured by the Due Process Clause of the Fourteenth Amendment.

59.     Plaintiff has suffered a violation of her constitutionally protected rights and interests in the nurture, upbringing, companionship, care, and parenting time of her children generally protected by the "Due Process Clause of the Fourteenth Amendment."

60.     It is well known that parents have a constitutional right to the custody of (or parenting time with) their children, and any depravation of that right must comply with the requirements of procedural due process.  The three minor children have a protected liberty interest in being raised in a normal family home, a loving, stable and safe home environment and to have the continued care, love and affection of their mother, the Plaintiff.

61.     By taking Plaintiff's children away from her through this unlawful conspiracy, the individual Defendants unlawfully violated Plaintiff's constitutional rights and the three minor children's constitutional rights mentioned above.

62.     By taking Plaintiff's children away from her through this unlawful conspiracy, Plaintiff and her three minor children suffered severe physical and psychiatric injuries and were thus severely damaged and have suffered severe emotional distress, has caused Plaintiff to lose three jobs and become unemployable and has caused Plaintiff to become responsible for substantial amount of legal fees and other litigation costs and have caused other damages.

14

63.     The actions of the individual Defendants were willful and intentional and undermined Plaintiffs' constitutional rights to be a parent and to parent her three minor children and Plaintiffs right to a fair, unbiased and independent trier of fact.

64.     The individual Defendants engaged in unconstitutional practices contravening 42 U.S.C. §1983.

65.     Plaintiff and her three minor children have suffered injuries as a proximate result of the individual Defendants, in contravention of 42 U.S.C. §1983.

66.     Plaintiffs bring this lawsuit to pursue independent Federal claims and to seek monetary compensation for the damages that they suffered from the violation of their Constitutionally protected rights and the facts alleged are extraordinary circumstances that continue to cause irreversible injuries.

WHEREFORE, Plaintiffs, JANE DOE and her three minor children, ML, EL and RL, respectfully request that this Honorable Court enter judgment in Plaintiffs' favor and against Defendants, MARK K. LINDELL, STEVEN D. GERAGE, KELLY A. COLLINS, MARC R. FISHER, PHYLLIS E. AMABILE, M.D., STEVEN J. SLATER and MARION K. LINDELL, and hold the Defendants jointly and severally liable for an award of compensatory damages for each Plaintiff in an amount in excess of $1 Million, award each Plaintiff punitive damages in an amount in excess of $1 Million and award the Plaintiffs a reasonable amount of attorney's fees pursuant to 42 U.S.C. §1988 and award Plaintiffs the costs of this litigation and provide any other relief as the court deems just and proper.

**COUNT II:**
**MARK R. LINDELL, STEVEN D. GERAGE, KELLY A. COLLINS,**

**MARC R. FISHER, PHYLLIS E. AMABILE, M.D.,**
**STEVEN J. SLATER and MARION K. LINDELL**
**COMPLAINT FOR CIVIL RIGHTS CONSPIRACY**
**IN VIOLATION OF 42 U.S.C. §1985 (3)**

Plaintiff, JANE DOE, individually and as natural mother and next friend for ML, EL, and

RL, all minors, complaining of Defendants, MARK K. LINDELL, STEVEN D. GERAGE,

MARC R. FISHER, PHYLLIS E. AMABILE, M.D., STEVEN J. SLATER and MARION K.

LINDELL, states as follows:

67. Plaintiffs repeat, reallege, and incorporate herein by reference each of the

allegations set forth in paragraphs 1 through 52 as if set forth in full herein.

68. This count is brought pursuant to 42 U.S.C. §1985 (3) that makes it unlawful for

any person to deprive, either directly or indirectly, any person of the equal protection of the laws,

or of equal privileges and immunities under the laws or to conspire against another person to

violate federally protected rights secured by the United States Constitution, and provides further

that the party so injured or deprived may have an action for the recovery of damages occasioned

by such injury or deprivation, against any one or more of the conspirators.

69. From the facts alleged above and the facts in the court transcripts, it is

overwhelmingly clear that the individual Defendants reached an unlawful agreement or

conspiracy between them to deprive Plaintiffs of their constitutional rights through an associate

judge assigned to the Lindell dispute, and under color of law.

70. That from the facts alleged above and the facts in the court transcripts, it is

overwhelmingly clear that the individual Defendants reached an unlawful agreement or

conspiracy between them and had a meeting of their minds to act willfully in joint activity

together with Defendant, Judge Johnson, a state actor to deprive Plaintiffs of their constitutional rights under color of law.

71.     From the facts alleged above and the facts in the court transcripts, it is overwhelmingly clear that the individual Defendants reached an understanding between them and therefore engaged in a sequence of events or course of conduct and otherwise agreed and conspired together with overt acts and / or providing false testimony, to violate the constitutional rights of the Plaintiffs.

72.     Each individual Defendant conspired with one another and did reach an understanding and agreement, and did engage in this course of conduct, and / or provided false testimony in court, with the mutual purpose, objective and knowledge that it would deprive Plaintiffs of their rights, privileges and immunities, as guaranteed by the Constitution and laws of the United States.  The individual Defendants were acting in their individual capacities, along with an associate judge who was assigned to the Lindell dispute and under color of state law to commit overt acts and to violate Plaintiffs' constitutional rights.

73.     Each individual Defendant conspired with one another, but, each Defendant could have stopped the other from violating 42 U.S.C. §1985 (3) against the Plaintiffs, but, each individual Defendant committed acts to further their conspiracy to deprive Plaintiffs of their constitutional rights mentioned above.

74.     The individual Defendants unlawfully and corruptly conspired with the associate judge assigned to the Lindell dispute, a state actor, and / or provided false testimony and

17

evidence in court or to assist in other ways, to improperly interfere with Plaintiff's right to the companionship, love and affection of her three minor children.

75.     That the individual Defendants corruptly conspired with the associate judge assigned to the Lindell dispute, a state actor, to improperly interfere with Plaintiff's fundamental rights and privileges to familial relations and to raise her three minor children which is secured by the Due Process Clause of the Fourteenth Amendment.

76.     The individual Defendants unlawfully and corruptly conspired with the associate judge assigned to the Lindell dispute, a state actor, and / or provided false testimony or knowingly and improperly funded the conspiracy and to interfere with Plaintiff's fundamental rights and privileges to a fair and impartial trier of fact which is secured by the Due Process Clause of the Fourteenth Amendment.

77.     Plaintiff has suffered from the violation of her constitutionally protected rights and interests and has been denied the nurturing, upbringing, companionship, care, and parenting time of her three minor children generally protected by the "Due Process Clause of the Fourteenth Amendment."

78.     It is well known that parents have a constitutional right to the custody of (or parenting time with) their children, and any depravation of that right must comply with the requirements of procedural due process. The three minor children have a protected liberty interest in being raised in a normal family home, a loving, stable and safe home environment and to the care, love and affection of their mother.

79.     By taking Plaintiff's children away from her through this unlawful conspiracy, the individual Defendants unlawfully violated Plaintiff's constitutional rights and the three minor children's constitutional rights mentioned above.

80.     By taking Plaintiff's children away from her through this unlawful conspiracy, Plaintiff and her three minor children suffered severe physical and psychiatric injuries and were thus severely damaged, and have suffered severe emotional distress, has caused Plaintiff to lose three jobs and become unemployable and has caused Plaintiff to become responsible for substantial amount of legal fees and other litigation costs and have caused other damages.

81.     The actions of the individual Defendants were willful and intentional and undermined Plaintiffs' constitutional rights to be a parent and to parent her three minor children and Plaintiffs right to a fair, unbiased and independent trier of fact.

82.     The individual Defendants engaged in unconstitutional practices contravening 42 U.S.C. §1985 (3).

83.     Plaintiff and her three minor children have suffered injuries as a proximate result of the actions of the individual Defendants in contravention of 42 U.S.C. §1985 (3).

84.     Plaintiffs bring this lawsuit to pursue independent Federal claims and to seek monetary compensation for the damages that they suffered from the violation of their Constitutionally protected rights and the facts alleged are extraordinary circumstances that continue to cause irreversible injuries.

WHEREFORE, Plaintiffs, JANE DOE and her three minor children, ML, EL and RL,

respectfully request that this Honorable Court enter judgment in Plaintiffs' favor and against

Defendants, MARK K. LINDELL, STEVEN D. GERAGE, MARC R. FISHER, PHYLLIS E.

AMABILE, M.D., STEVEN J. SLATER and MARION K. LINDELL, and hold the Defendants

jointly and severally liable for an award of compensatory damages for each Plaintiff in an

amount in excess of $1 Million, award each Plaintiff punitive damages in an amount in excess of

$1 Million and award the Plaintiffs a reasonable amount of attorney's fees pursuant to 42 U.S.C.

§1988 and award Plaintiffs the costs of this litigation and provide any other relief as the court

deems just and proper.

**COUNT III:**
**LAKE COUNTY, ILLINOIS**
**VIOLATION OF 42 U.S.C. §12101, et seq.**
**(AMERICANS WITH DISABILITIES ACT)**

Plaintiff, JANE DOE, individually and as natural mother and next friend for ML, EL, and

RL, all minors, complaining of Defendant, LAKE COUNTY, ILLINOIS, states as follows:

85.     Plaintiffs repeat, re-allege, and incorporate herein by reference each of the

allegations set forth in paragraphs 1 through 52 as if set forth in full herein.

86.     Title II of the Americans with Disabilities Act (42 U.S.C. §§12131-12134)

applies to Defendant, LAKE COUNTY, ILLINOIS.

87.     The Lake County Courthouse is a facility, and its operation comprises a program

and service for Title II purposes.

88.     Plaintiff had and has ADHD, a medical disability under the ADA, throughout the

time she was a party in the Lindell dispute.

89.     Defendant, Lake County, Illinois, through the associate judge assigned to the Lindell dispute, failed to reasonably accommodate Plaintiff's medical disability and to allow Plaintiff sufficient time to prepare her case for trial, to reasonably accommodate Plaintiff's disability, and further, intentionally and deliberately discriminated against Plaintiff and refused to recognize the seriousness of her disability, all in violation of Title II of the ADA.

90.     Defendant's, Lake County, Illinois's, violations of the ADA were the proximate cause of Plaintiffs' Constitutional violations and damages.

91.     Plaintiffs are entitled to recover for those damages that they sustained as a direct and proximate cause and result of Defendant's, Lake County, Illinois's, violations of ADA described in this Complaint.

WHEREFORE, Plaintiffs, JANE DOE and her three minor children, ML, EL and RL, respectfully request that this Honorable Court enter judgment in Plaintiffs' favor and against Defendant, LAKE COUNTY, ILLINOIS in a fair and just amount sufficient to compensate the Plaintiffs for their damages in excess of $1 Million, award each Plaintiff punitive damages in excess of $1 Million, award the Plaintiffs a reasonable amount of attorney's fees and award Plaintiffs the costs of this litigation and provide any other relief as the court deems just and proper.

**COUNT IV:**
**MARK R. LINDELL, STEVEN D. GERAGE, KELLY A. COLLINS,**
**MARC R. FISHER, PHYLLIS E. AMABILE, M.D.,**
**STEVEN J. SLATER and MARION K. LINDELL**
**COMPLAINT FOR ABUSE OF PROCESS**

Plaintiff, JANE DOE, individually and as natural mother and next friend for ML, EL, and RL, all minors, complaining of Defendants, MARK K. LINDELL, STEVEN D. GERAGE, MARC R. FISHER, PHYLLIS E. AMABILE, M.D., STEVEN J. SLATER and MARION K. LINDELL, states as follows:

92.     Plaintiffs repeat, re-allege, and incorporate herein by reference each of the allegations set forth in paragraphs 1 through 52 as if set forth in full herein.

93.     Defendants knew or upon reasonable investigation should have known that the providing of false testimony, false evidence, false reports and evaluations, and false results from a hair test through an unlawful conspiracy and making Plaintiff's parenting time severely limited and supervised would deny Plaintiff and Plaintiff's three minor children their Constitutional rights to Due Process and would deny Plaintiff and Plaintiff's three minor children their Constitutional rights to Due Process and to have a fair and impartial trier of fact making the decisions in their case in the Lindell dispute.

94.     Defendants knew that the release of the false hair test results on June 17, 2019, and the release of the fraudulent evaluation report by Defendant, Phyllis E. Amabile, M.D., were significant steps to accomplish the unlawful goal to cause Plaintiff to lose her three minor children and to allow Mark to obtain sole parenting responsibilities and with using the false hair test results to substantiate the modification of the Plaintiff's parenting time and eventually eliminated Plaintiff's parenting time was achieved unlawfully through an unlawful conspiracy through associate judge in the Nineteenth Judicial Circuit Court in Lake County, Illinois, as the decision was not issued from a fair, unbiased trier of fact, and, further used Plaintiff's disability to discriminate against her and to take her children away was an unconstitutional infringement of

the Plaintiffs' Fourteenth Amendment Constitutional rights to Due Process.

95.    As a result of false testimony, false evidence, unlawful discrimination and malicious actions through Defendants' conspiracy, Plaintiff was compelled to become responsible to pay large sums of money and attorney's fees to oppose the Defendants' unlawful acts and conspiracy, has lost three jobs and become unemployable and suffered other damages.

96.    Also, as a result of the individual Defendants' false testimony, false evidence, unlawful discrimination  and malicious actions through Defendants' conspiracy, Plaintiff has also been hindered and prevented from establishing a reasonable parental relationship with her three minor children, has lost the love, affection and companionship of her three minor children and Plaintiff's three minor children have been deprived of receiving the love, affection and companionship of their mother.

97.    In fact, as a result of the individual Defendants' false testimony, false evidence, unlawful discrimination  and malicious actions, Plaintiff's three minor children have suffered emotional distress and depression and Plaintiff's oldest minor child, ML, has been severely adversely affected by the Defendants' conspiracy and unlawful acts and has suffered severe emotional distress and depression.

98.    Defendants' abuse of process as explained through their  false testimony, false evidence, unlawful discrimination  and malicious actions was made with willful and wanton disregard for Plaintiffs' rights thereby entitling Plaintiffs to an award of punitive damages.

WHEREFORE, Plaintiffs, JANE DOE and her three minor children, ML, EL and RL, respectfully request that this Honorable Court enter judgment in Plaintiffs' favor and against Defendants, MARK K. LINDELL, STEVEN D. GERAGE, MARC R. FISHER, PHYLLIS E.

AMABILE, M.D., STEVEN J. SLATER and MARION K. LINDELL, and hold the Defendants jointly and severally liable for an award of compensatory damages for each Plaintiff in an amount in excess of $1 Million, award each Plaintiff punitive damages in an amount in excess of $1 Million and award the Plaintiffs the costs of this litigation and provide any other relief as the court deems just and proper.

**COUNT V:**
**MARK R. LINDELL, STEVEN D. GERAGE, KELLY A. COLLINS,**
**MARC R. FISHER, PHYLLIS E. AMABILE, M.D.,**
**STEVEN J. SLATER and MARION K. LINDELL**
**COMPLAINT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff, JANE DOE, individually and as natural mother and next friend for ML, EL, and RL, all minors, complaining of Defendants, MARK K. LINDELL, STEVEN D. GERAGE, MARC R. FISHER, PHYLLIS E. AMABILE, M.D., STEVEN J. SLATER and MARION K. LINDELL, states as follows:

99. Plaintiffs repeat, re-allege, and incorporate herein by reference each of the allegations set forth in paragraphs 1 through 52 as if set forth in full herein.

100. The misconduct and unlawful acts of all individual Defendants, MARK K. LINDELL, STEVEN D. GERAGE, MARC R. FISHER, PHYLLIS E. AMABILE, M.D., STEVEN J. SLATER and MARION K. LINDELL, through the associate judge assigned to the Lindell dispute was truly extreme and outrageous.

101. The individual Defendants knew that their misconduct and unlawful acts and conspiracy would cause and intended to cause and to inflict severe emotional distress on Plaintiff and did cause and inflict severe emotional distress on the parties' three minor children.

102. The unlawful acts and conspiracy were misconduct that did, in fact, cause severe

emotional distress on the Plaintiffs.

WHEREFORE, Plaintiffs, JANE DOE and her three minor children, ML, EL and RL, respectfully request that this Honorable Court enter judgment in Plaintiffs' favor and against Defendants, MARK K. LINDELL, STEVEN D. GERAGE, MARC R. FISHER, PHYLLIS E. AMABILE, M.D., STEVEN J. SLATER and MARION K. LINDELL, and hold the Defendants jointly and severally liable for an award of compensatory damages for each Plaintiff in an amount in excess of $1 Million, award each Plaintiff punitive damages in an amount in excess of $1 Million and award Plaintiffs the costs of this litigation and provide any other relief as the court deems just and proper.

## COUNT VI:
### MARK R. LINDELL, STEVEN D. GERAGE, KELLY A. COLLINS, MARC R. FISHER, PHYLLIS E. AMABILE, M.D., STEVEN J. SLATER and MARION K. LINDELL
### FRAUD

Plaintiff, JANE DOE, individually and as natural mother and next friend for ML, EL, and RL, all minors, complaining of Defendants, MARK K. LINDELL, KELLY A. COLLINS, STEVEN D. GERAGE, MARC R. FISHER, PHYLLIS E. AMABILE, M.D., STEVEN J. SLATER and MARION K. LINDELL, states as follows:

103. Plaintiffs repeat, re-allege, and incorporate herein by reference each of the allegations set forth in paragraphs 1 through 52 as if set forth in full herein.

104. The individual Defendants, provided false testimony and false evidence to the associate judge that was assigned the Lindell dispute which became material facts and intentionally induced that associate judge to enter a temporary order that limited Plaintiff's parental rights and to unlawfully limit the Plaintiff's parenting time with her three minor

25

children.

105.     The individual Defendants, provided false testimony and false evidence to the associate judge that was assigned the Lindell dispute which became material facts  and intentionally induced that associate judge to enter a Judgment of Dissolution of Marriage and Allocation Judgment for Parental Responsibilities and Parenting Time of a permanent nature that adversely affected Plaintiffs by unlawfully limiting the Plaintiff's parenting time with her three minor children and limited the minor children's right to the care, love and affection of their mother.

106.     The individual Defendants knew that the associate judge assigned to the Lindell dispute would rely upon said misrepresentations, false statements and false evidence, and, that the associate judge assigned to the Lindell dispute did in fact so rely upon the misrepresentations, false testimony and false evidence.

107.     That as a direct and proximate result of the associate judge's reliance upon the aforesaid individual Defendants' misrepresentations, false testimony and false evidence, Plaintiffs sustained monetary losses, have  suffered severe physical and psychiatric injuries and severe emotional distress, and, has caused Plaintiff to lose three jobs and become unemployable and has caused Plaintiff to become responsible for substantial amount of legal fees and other litigation costs and have caused other damages.

WHEREFORE, Plaintiffs, JANE DOE and her three minor children, ML, EL and RL, respectfully request that this Honorable Court enter judgment in Plaintiffs' favor and against Defendants, MARK K. LINDELL, STEVEN D. GERAGE, KELLY A. COLLINS, MARC R. FISHER, PHYLLIS E. AMABILE, M.D., STEVEN J. SLATER and MARION K. LINDELL,

and hold the Defendants jointly and severally liable for an award of compensatory damages for each Plaintiff in an amount in excess of $1 Million, award each Plaintiff punitive damages in an amount in excess of $1 Million and award the Plaintiffs a reasonable amount of attorney's fees and award Plaintiffs the costs of this litigation and provide any other relief as the court deems just and proper.

**COUNT VII:**
**GERAGE FAMILY LAW, P.C., COLLINS FAMILY LAW, LLC,**
**KATZ, GOLDSTEIN & WARREN, P.C.,**
**PHYLLIS E. AMABILE, MD. & ASSOCIATES, P.C.**
**and SJS MEDICAL LABS, LLC**
**RESPONDEAT SUPERIOR**

Plaintiff, JANE DOE, individually and as natural mother and next friend for ML, EL, and RL, all minors, complaining of Defendants, GERAGE FAMILY LAW, P.C., COLLINS FAMILY LAW, LLC, KATZ, GOLDSTEIN & WARREN, P.C., PHYLLIS E. AMABILE & ASSOCIATES, P.C. and SJS MEDICAL LABS, LLC d/b/a ARCPOINT LABS OF LIBERTYVILLE, states as follows:

108.    Plaintiff repeats, re-alleges, and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 52 as if set forth in full herein.

109.    At all relevant times during this complaint, Defendant, Steven D. Gerage was an agent of or employed by Defendant, Gerage Family Law, PC., as an attorney at law and was believed to be its sole shareholder and throughout this Lindell dispute had provided fraudulent legal representation to benefit Mark and at all times acted within his duties as an attorney for Defendant, Gerage Family Law, P.C., and his fraudulent legal representations in the Lindell dispute was always approved by Defendant, Gerage Family Law, P.C., and Defendant, Gerage

27

Family Law, P.C., always benefitted from his fraudulent legal representations and accepted his fraudulent legal representation knowingly that was provided in the Lindell dispute and collected a substantial amount for billed legal fees.

110.    At all relevant times during this complaint, Defendant, Kelly A. Collins was an agent of or employed by Defendant, Collins Family Law, LLC, as an attorney at law and was believed to be its sole member and throughout this Lindell dispute had provided fraudulent legal representation to benefit Mark and at all times acted within her duties as an attorney for Defendant, Collins Family Law, LLC, and her fraudulent legal representations in the Lindell dispute was always approved by Defendant, Collins Family Law, LLC, and Defendant, Collins Family Law, LLC, always benefitted from her fraudulent legal representations and knowingly accepted her fraudulent legal representation provided in the Lindell dispute by collected substantial amount for billed legal fees.

111.    At all relevant times during this complaint, Defendant, Marc R. Fisher, was a partner of and employed by Defendant, Katz, Goldstein & Warren, P.C., as an attorney at law and was appointed as the GAL throughout this Lindell dispute had provided fraudulent beneficial services and legal representation to Mark and failed to provide proper and meaningful legal representation for the benefit and well-being of the three minor children and at all times acted within his duties as an attorney for Defendant, Katz, Goldstein & Warren, P.C., and his fraudulent legal representations in the Lindell dispute was always knowingly accepted and approved by Defendant, Katz, Goldstein & Warren, P.C., and Defendant, Katz, Goldstein & Warren, P.C., always benefitted from his fraudulent legal representations and accepted his fraudulent legal representation provided in the Lindell dispute and collected substantial amount

28

for billed legal fees.

112.    At all relevant times during this complaint, Defendant, Phyllis E. Amabile, M.D., was an agent and employed by Defendant, Phyllis E. Amabile, M.D., & Associates, P.C., as a forensic psychiatrist who was appointed as the parental evaluator throughout this Lindell dispute had provided fraudulent beneficial services and legal representation to Mark and failed to provide proper and meaningful legal representation for the benefit and well-being of the three minor children and at all times acted within her duties as a forensic psychiatrist for Defendant, Phyllis E. Amabile, M.D., & Associates, P.C., and her fraudulent parental evaluation in the Lindell dispute was always knowingly accepted and approved by Defendant, Phyllis E. Amabile, M.D., & Associates, P.C., and Defendant, Phyllis E. Amabile, M.D., & Associates, P.C.,  always benefitted from her fraudulent parental evaluation and accepted her fraudulent parental evaluation provided in the Lindell dispute and collected substantial amount for billed evaluation services.

113.    At all relevant times during this complaint, Defendant, SJS Medical Labs, LLC, was a member of and employed by Defendant, SJS Medical Labs, LLC, as a blood, hair, urine substance abuse tester who conducted Plaintiff's hair test on hair that was collected from Plaintiff and the hair test results were knowingly fraudulent and fixed as positive for alcohol abuse and these knowingly fraudulent and false hair test results were released on June 17, 2021, in the Lindell dispute and at all times acted within his duties as a hair sample substance abuse tester and his fraudulent hair test results of 42 EtG in the Lindell dispute was always knowingly accepted and approved by Defendant, Phyllis E. Amabile, M.D., & Associates, P.C., and Defendant, SJS Medical Labs, LLC,  always benefitted from his fraudulent hair test and accepted

his fraudulent hair test that was provided in the Lindell dispute and collected substantial amount for billed fraudulent services.

114.    Due to the existence of an employee / employer relationship between the Defendants, each company Defendant is vicariously liable or outright liable to Plaintiffs, for their injuries and losses mentioned above.

WHEREFORE, Plaintiffs, JANE DOE  individually and as natural mother and next friend for ML, EL, and RL, all minors, respectfully requests that Honorable Court enter judgment in Plaintiffs' favor and against Defendants, GERAGE FAMILY LAW, P.C., COLLINS FAMILY LAW, LLC,  KATZ, GOLDSTEIN & WARREN, P.C., PHYLLIS E. AMABILE & ASSOCIATES, P.C. and SJS MEDICAL LABS, LLC d/b/a ARCPOINT LABS OF LIBERTYVILLE, in any amount that is awarded against individual Defendants and award substantial compensatory damages to Plaintiffs in an amount in excess of $1 Million each, and award a reasonable amount of attorney's fees and costs and award any other relief as the court deems just and proper.

Respectfully submitted,

James J. Macchitelli

Attorney Number: 6208773
James J. Macchitelli
(Jimmymacclaw@gmail.com)
Attorney at Law
1051 Perimeter Drive, Suite 400
Schaumburg, Illinois 60173
(847) 414-4532

30